UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Andre Lyneal Wallace</u>

    v.                                    Case No. 24-cv-170-SE-AJ

<u>Warden, FCI Berlin</u>

**<u>REPORT AND RECOMMENDATION</u>**

Self-represented Petitioner, Andre Lyneal Wallace, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging the Federal Bureau of Prison's ("BOP's") calculation of his sentence.  Before the undersigned Magistrate Judge for a Report and Recommendation as to disposition is the respondent Warden's motion to dismiss the petition (Doc. No. 6), to which Mr. Wallace objects (Doc. No. 8).  For the reasons explained below, the Court recommends that the District Judge grant the motion to dismiss, albeit on different grounds than those asserted therein.

**<u>Motion to Dismiss Standard</u>**

The respondent moves to dismiss Mr. Wallace's § 2241 petition under Rule 12(b)(6) of the Federal Rues of Civil Procedure.  To survive a motion to dismiss filed under Rule 12(b)(6), "a [petition] must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether the facts in the petition state a plausible entitlement to relief, the court must accept the petitioner's factual allegations as true and draw all reasonable inferences in the petitioner's favor. See Iqbal, 556 U.S. at 678. Generally, the court may consider only the facts alleged in the petition, exhibits attached to it, and other materials that are fairly incorporated into the petition, or subject to judicial notice, such as matters of public record. Lowe v. Mills, 68 F.4th 706, 713-14 (1st Cir.), cert. denied, 144 S. Ct. 345 (2023). As Mr. Wallace is representing himself in this matter, the Court construes his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Background[1]

On April 14, 2009, Mr. Wallace was arrested in Alabama for robbery by state law enforcement officers.[2] Beginning on April

---

[1] The facts related herein are taken from the petition and materials subject to judicial notice, including relevant proceedings in other courts.

[2] Mr. Wallace states that his April 14, 2009 arrest was for a federal bank robbery. It appears Mr. Wallace was arrested by state authorities, and that United States took up the prosecution after that, indicting him in October 2009, and that he did not face state charges for that robbery.

2

15, 2009, Mr. Wallace was held in state custody, pending resolution of parole violations related to previous state convictions. On May 18, 2009, Mr. Wallace's state parole was revoked, and Mr. Wallace was held on the parole violations in the custody of the Alabama Department of Corrections ("ADOC").

On October 29, 2009, while he was in ADOC custody, Mr. Wallace was indicted by a federal grand jury sitting in the Northern District of Alabama, for the bank robbery for which he was arrested on April 14, 2009, and two related firearms offenses. See United States v. Wallace, No. 2:09-cr-00453-ACA-JHE (N.D. Ala. Oct. 29, 2009) (ECF No. 1). On November 3, 2009, the United States Marshals Service ("USMS") obtained a writ of habeas corpus ad prosequendum in order to take Mr. Wallace into temporary custody for his November 12, 2009 arraignment on the bank robbery charge.

Mr. Wallace pleaded guilty in the Northern District of Alabama on January 14, 2010, and was sentenced on April 29, 2010 to a 177-month prison sentence. Id. (ECF No. 37). That Court ordered that Mr. Wallace serve his federal sentence consecutively to his state sentences. After his sentencing, the USMS returned Mr. Wallace to the ADOC.

On September 10, 2012, Mr. Wallace was granted parole from his state sentences. Mr. Wallace was then taken into federal custody to begin serving his federal sentence, as of that date.

Once in BOP custody, Mr. Wallace requested that the BOP grant him a nunc pro tunc designation, allowing his federal sentence to be credited with the time he spent in state custody from April 15, 2009 to September 10, 2012, effectively amending Mr. Wallace's consecutive federal sentence so that it would run concurrently with his state sentence. The BOP denied that request.[3]

In January 2019, Mr. Wallace filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Mississippi. See Wallace v. Rivers, No. 3:19-cv-00051-HSO-JCG (S.D. Miss., filed Jan. 18, 2019) (ECF No. 1) ("Wallace I"). In that case, Mr. Wallace challenged the BOP's refusal to give him credit against his federal sentence for time between 2012 and 2018, during which, he claimed, he should have been allowed to remain in the community on parole until his term of parole ended, before being made to begin serving his federal sentence. In that action, Mr. Wallace also challenged the BOP's denial of his request for a nunc pro tunc designation.

---

[3] When the BOP denied Mr. Wallace's request for a nunc pro tunc designation, it also credited him with one day of pretrial confinement, as he did not receive credit against his state sentence for the date he was arrested and held in custody on the robbery which was the subject of his federal conviction, April 14, 2009.

4

The Southern District of Mississippi denied his petition. See Wallace I, May 18, 2021 Order (ECF No. 25) (approving Mar. 23, 2021 R&R (ECF No. 23)) (Doc. No. 6-1).  Mr. Wallace appealed that decision to the Fifth Circuit Court of Appeals, which affirmed the District Court judgment.  See Wallace v. Reiser, No. 21-60463 (5th Cir. May 5, 2022).

## Discussion

In the Warden's motion to dismiss, he argues that Mr. Wallace's § 2241 petition in this case is subject to dismissal on the basis of res judicata, asserting that Mr. Wallace previously raised the issues asserted in this § 2241 petition in Wallace I, and is therefore barred from filing a second § 2241 petition asserting those claims here.  However, while there are limits on a petitioner's ability to file successive habeas petitions, the traditional doctrine of res judicata does not apply to habeas petitions.  See Sanders v. United States, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas, then, is inherent in the very role and function of the writ."); Waley v. Johnston, 316 U.S. 101, 105 (1942).

Where the petitioner has previously filed a § 2241 petition, the Court determines whether a second-in-time § 2241 petition is barred as successive under the "abuse of the writ" doctrine.  "'[A] successive § 2241 petition is subject to

dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again.'" Thomas v. Warden, Fed. Corr. Inst., Berlin, New Hampshire, 596 F. Supp. 3d 298, 303-04 (D.N.H. 2022) (quoting Ortiz-Lopez v. Fed. Bureau of Prisons, Dir., 830 F. App'x 127, 131 (5th Cir. 2020)). "'Additionally, a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claim earlier.'"  Id.  That is, a § 2241 petition should be dismissed when a second-in-time petition raises claims the petitioner raised in a previous § 2241 petition and/or claims he could have raised in his prior petition but did not.  See Beras v. Johnson, 978 F.3d 246, 252 (5th Cir. 2020); Dotson v. Kizziah, 966 F.3d 443, 444-45 (6th Cir. 2020).

Here, Mr. Wallace challenges the BOP's calculation of his sentences, and denial of a nunc pro tunc designation, arguing that he should receive credit against his federal sentence for the time he spent in state custody between April 15, 2009 and September 10, 2012.  As discussed above, Mr. Wallace previously brought a § 2241 petition in the Northern District of Mississippi challenging the BOP's calculation of his sentence.  That Court denied Mr. Wallace relief, and the Fifth Circuit Court of Appeals affirmed the District Court's decision.

6

Mr. Wallace filed this petition after his first petition was resolved in the Southern District of Mississippi and the Fifth Circuit. Accordingly, the instant petition is second in time. The Court cannot determine, based on its review of the documents in the Mississippi case, whether the claims Mr. Wallace asserted in his first petition are precisely the same as those he asserts here.[4] However, in either case, it is apparent that the claims asserted here could have been raised in the earlier petition, as, at the time he filed that petition, he was aware of the BOP's calculation of his sentence and knew that the BOP was not crediting his federal sentence with the time he spent in state custody between April 15, 2009 and September 10, 2012. None of the information which forms the basis for Mr. Wallace's current petition was unavailable to him when he litigated his first § 2241 petition. Accordingly, the instant petition is barred by the doctrine of abuse of the writ, and the

---

[4] Here, Mr. Wallace seeks credit against his federal sentence for the time he spent in state custody in Alabama between April 15, 2009 and September 10, 2012. In Wallace I, Mr. Wallace primarily alleged that the BOP failed to properly credit him for time he spent in federal custody, when he believed he should have been released on parole from his state sentence to the community, between September 10, 2012 and May 23, 2018. The Court in Wallace I dismissed that claim, and also found that, to the extent Mr. Wallace was challenging the denial of his request for a nunc pro tunc designation, which would result in credit against his sentence for the time he spent in state custody from April 9, 2009 to September 10, 2012, that the BOP appropriately declined that request.

District Judge should grant the Warden's motion to dismiss the petition.

## Conclusion

For the foregoing reasons, the District Judge should grant the Warden's motion to dismiss (Doc. No. 6). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2025

cc: Andrew Lyneal Wallace, pro se
    Terry L. Ollila, Esq.